The next case on our argument on our calendar for argument today is United States v. Floyd and Brogdon and we are hearing that's number 18, 25, 25 and 19, 12, 50. So we are hearing first from Ms. Nathanson for Mr. Floyd. Is that right? That's what I thought, Your Honor. This is Malvina Nathanson. Thank you very much. Yeah, thank you. I represent Akeem Floyd. The government argues that the proper standard review in this matter is plain error because the defendant had an opportunity to contest the special conditions and this is simply not consistent with the record. What happens is the judge imposes supervisory leave, page 194 in the transcript and when he finishes, he says I will ask the department in terms of probation to have them read out the special conditions and that's when the special conditions are made known to the defendant and then it goes on from there. Everybody says thank you. They dismiss the remaining charges and the appearance ends. There was no opportunity. The defendant was never asked, do you have any comments about this? The probation officer didn't say, for example, these are the special conditions that we suggest, that we propose. There was no chance for the defendant to listen to his lawyer and the case is really most consistent with the cases that are cited in the brief and I think I can leave it with that. Except I guess I should add that so far as the curfew condition is concerned, which I will get to next, there is case law and it's at page 19, note 4 of my brief, it says that when the complaint is that there's no nexus between the crime and a special condition, then even under plain error, reversal is required. So far as the specific conditions are concerned as to the curfew, the government concedes the court didn't set forth the nexus but contends that it is self-evident. The only thing to which the government points though is that the defendant committed crimes. He had a prior record, this is true, he had a misdemeanor conviction for cocaine possession and misdemeanor conviction for attempted assault and he committed the crime that he was convicted of. So the curfew is only for six months, is that right? No. Well, I'm not going to disagree with you because I got to take a look at it again myself. There's three years of supervisory leave and I'm not aware, I'm looking now and I apologize. Yes, you're right, it's six months, that's at page 196 of the record. But even so, I don't think that changes the fact that there was no justification made for the curfew. There is no reason to infer a justification. He pleaded guilty to narcotics trafficking conspiracy. Yeah, I'm sorry. Well, I'm just saying that to make sure that he is being actually is unsupervised release, that he is not heading back to the ways that led to his crime. Why is it unreasonable for him to be subjected to close supervision in the first six months at times that are flexible depending upon what, you know, if he has a job, the particular 12-hour stint can be moved by probation. It doesn't restrict his lawful activities, it's just as an extra and limited measure of supervision for a definite time period. I'm not sure I see why that is. A curfew is saying you have to stay at your home for a period of time and that period of time, 7 p.m. to 7 a.m. under the order or even if it's changed by the probation officer, unless it's a 24-hour curfew, there's nothing that this in drug trafficking at the non-curfew time. Of course, that isn't the standard that it would prevent him. The standard is a reasonable restriction on his freedom in a six-month period after he serves his incarceratory sentence, right? But the standard is whether or not that restriction is necessary to protect the public from crimes that the defendant might commit during those hours, which resists the rehabilitation of the defendant. Certainly, if he has to stay home, he's not going to be able to commit crimes during those hours, but the crime that he committed is not a 7 p.m. to 7 a.m. crime, and there needs to be a nexus between the crime and the nature of the special condition in this case, the curfew. The one case the government cites USC's past at page 57 of their brief, but in that case, the defendant had, in fact, committed crimes at night. Nothing like that appears in our record, and that's the only authority that this exists for an implied, obvious, self-evident nexus between curfew condition and the kind of crime that the defendant committed. Are there other special conditions that you object to? Well, we also object to the condition having to do with the defendant not being able to go to a place that is likely to be that is a hangout for gangs and organized crime groups and so on. It may be a meeting place, and the problem with that condition is almost any place, particularly considering, depending on the neighborhood that you live in, could be a meeting place for organized crime groups, gangs, or any other criminal enterprise. Criminal gangs hang around on street corners. Criminal gangs go to bars. How do you know that they're a criminal gang inside a bar if you walk into it or a restaurant or even a school playground where you're shooting hoops? It's, they don't say, these places are not self-identified. I would agree with the government that the defendant should stay away from a La Cosa Nostra bar, but the Cosa Nostra bar doesn't have a sign on it that says Cosa Nostra bar. I thought that the relevant locations were going to be determined in part by a non-exhaustive list generated by probation. So, this wasn't a condition meant to trap him. The requirement was that he not frequent locations where gang members may meet. That means go over and over again, and the relevant locations, the key ones, were going to be generated by probation. Isn't that correct, that that's a part of the condition of release? No, Judge. It says that probation was provided by the probation department. That's another rather large delegation of authority to the probation department. I do not believe that that is appropriate. It's not a minor thing to be so restricted in your social activities, and it's something if the court can find a nexus. Again, the question would be whether or not there was a nexus shown to impose the condition in the first place. Even assuming that there were a list where the government, where the probation department said, all right, this bar on the corner of whatever and whatever, that's a Cosa Nostra bar. The condition in the first place that needs to have a nexus between the crime and some interest in protecting the public. You don't see there's a nexus between his being required not to go to and his trafficking, narcotics trafficking crime. Is that right? Again, I would say that's correct. Yes, Your Honor, that is right. Going into a bar where other people are who are members of gangs is not necessarily going to protect the public. If the defendant walks into a place, let me start that sentence over again. Ms. Davidson, you have two minutes of rebuttal, and I believe your time has expired. In which case, I look forward to hearing from Mr. Lipschitz. All right, very good. Thank you. How should we do this, actually? Mr. Lipschitz, why don't I leave it to you? Would you like to take six minutes to respond now to the Floyd arguments, and then we'll do Mr. Brogdon's appeal and then take six minutes to respond? Yes, Your Honor. I think that makes sense. All right, very good. Please proceed then. Sure. Thank you, Your Honor. I'll begin by noting the sentencing, which I believe bear on both of the challenged conditions. This is in Floyd's appendix at 187 to 188. The court found he had a prior conviction for criminal possession of a controlled substance, cocaine, a prior conviction for attempted assault, that he was a member of two gangs, the Blood and the Shooter Gang, which are very violent gangs operating in East Flatbush and elsewhere, and that in this case, he sold crack cocaine, and that in March 2014, Floyd and others were found in an apartment with a loaded gun, ammunition, counterfeit money, crack cocaine, and other drugs. So maybe we could just go to the curfew. Why is that justified? It's justified. Let me just recite the standard, Your Honor, and I'll explain factually why it's justified. The standard under Betz is that a special condition will be affirmed if the reason for it is self-evident in the record, and under Alvarado, that means where it would add a measure of deterrence and protection. So given the nature of these crimes, all of which can certainly be committed at night, the community is protected, and Mr. Floyd is deterred by his treatment, and modifiable by probation should he have a job or another good reason to need to be out at those hours. But there's nothing on the record that indicated that the crimes took place at night rather than during the day? Your Honor, the record does not indicate the times of the offenses. I agree with that. If that's Your Honor's inference, I agree. Okay. But clearly, restricting him to his home for six months with the ability to modify it protects the community and deters him. There's no improper delegation to probation, which is a related argument made by Floyd. The contrast is to a case called MATTA, where probation could put a defendant into inpatient treatment, which is pretty close to incarceration. Here he's in his home. That's ordered by the court. The court wasn't saying probation can decide if he has to stay at home or not. The court says he has to stay at home, and probation was allowed to modify it as appropriate. Okay. How about the other one? Why aren't the other special conditions too vague? For several reasons, Your Honor. First of all, what's challenged as vague is the condition that he not frequent establishments where there will be gang members. First of all, Mr. Floyd, respectfully, as a member of two gangs, is quite well positioned to know of certain places that he should not frequent. Nobody says he has an obligation to know of every Lacosa Nostra hangout or gang hangout in the city. I believe Judge Carney referred to a list to be provided by probation. That's correct. That will happen upon his release. It will be a non-exhaustive list, but that will put him on notice of certain places. If he finds himself in an establishment by accident, and that's reported somehow, I don't see any scenario where he's culpable for that and found in violation of a supervised release condition. That would be like the color condition in the green case, if the court is familiar with that where a court... Excuse me? Yes. We're just acknowledging the case. Yes. Thank you. In green, the court distinguished between, for example, colors that someone shouldn't wear because they could be gang colors, which could include apparently the full spectrum of the rainbow versus associating with gang members. Here, he can't associate with gang members, which I don't believe is challenged, and he also can't frequent establishments where they'll be found. He's well positioned to know what that means. Could you remind me, at what point is Mr. Floyd in serving his sentence, and when is the supervised release period likely to begin? He was arrested and incarcerated in 2015, I believe in July. He's serving 121 months. He's served five years. If there's no good time, he has about five more years to go. He'll have less than five years if he has a good time remaining. I think we put him at about eight and a half years total. Okay. To the extent that there are locations that he may or may not know of now, and those have changed, he'll be working with probation to be able to comply with the condition and to inhibit his ability to comply. Is that right? Correct, Your Honor. Of course, at that time, if he's provided a list and he thinks it's not fair, he can object to the probation department. He can make a motion to the court. He'll have avenues of relief available at that time. Excuse me. We have a minute left. Your Honor, the only other issue is which standard applies. I think the outcome should the same regardless, but respectfully, the relaxed plain error standard that applies in Stofsky, I don't think should apply here. These conditions were announced in front of Floyd and counsel in open court. If the panel rereads Appendix 196 to 199, I think it's clear after the conditions were announced, the court invited the parties to raise issues. In fact, the defense did issues separate and unrelated issues and never objected. So, I do believe your position is it doesn't really matter whether you're on the abuse of discretion or relaxed plain error or plain error, right? Correct. I don't think there was an abuse of discretion or a plain error under the relaxed standard, but these things can be determinative sometimes. So, I want to be clear that we submit plain error applies. Very good. Thank you, Your Honor. Thank you very much. Then Ms. Nathanson, we'll hear your rebuttal now. Thank you. I just have a couple of responses to what Mr. Lifshitz said. So far as going to a gang meeting place, he commented that the defendant would get a list of places and it won't be complete. I don't imagine any such list could possibly be complete. And if he by accident violated supervised release, then he probably wouldn't be penalized for it. But that's not very comforting, I would think. But Ms. Nathanson, the condition is that he not frequent such a place. Frequent to me means going more than once rather than wandering in on a single occasion. I don't understand the word to mean that, Judge. I don't want to get into a dictionary. I don't have one handy, but I frequent, I always thought it just meant spend time at. And others might think that as well. Anyway, my comment really goes to the idea that it'll be okay. People will not penalize him for it. I also, I just want to note that the defendant was not charged in the indictment with participating in any of the violent acts committed by the other members of the gang. And I don't think prosecution can point to any violent acts that he committed. And again, nothing at night. And just have to ask the court to understand that the curfew says that he can't go to a friend's birthday party. He can't go to a family event in the evening. This is on the curfew. He can't go to a family celebration. He can't take his partner out for dinner, celebrate an anniversary or just to have a good time. It's pretty restrictive. And I don't think that there's been any justification shown for limiting his behavior that way. Thank you for your attention. All right. Thank you very much. We have the arguments and we'll reserve decisions.